

Villanova University School of Law
Villanova University School of Law Digital Repository

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2004

# Farmasheva v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Farmasheva v. Atty Gen USA" (2004). *2004 Decisions.* Paper 528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4331, 03-4135
_____


RASSALYAT FARMASHEVA; FAHRIDDIN FARMASHEVA;
SAIDA FARMASHEVA

Petitioners


v.


JOHN ASHCROFT, Attorney General of the United States,

Respondent

_____


On Appeal from the Board of Immigration Appeals
(No. A76-019-415)
(No. A76-019-416)
(No. A76-019-417)
_____


Submitted Under Third Circuit LAR 34.1(a)
June 25, 2004


Before: NYGAARD, McKEE, and CHERTOFF, <u>Circuit</u> <u>Judges</u>.


(Filed:  July 6, 2004)


_____

NYGAARD, Circuit Judge.

Rassalyat Farmasheva, together with her children, filed this petition for review of the Board of Immigration Appeal's decision denying her request to reopen her deportation proceeding or, alternatively, to remand her case to the Immigration Judge so that she can apply for adjustment of status. We hold that the BIA did not err in denying Farmasheva's motions and will deny the petition for review.

I.

Because we write exclusively for the parties, we will review only those facts pertinent to our analysis. Farmasheva, a native of Kazakhstan, entered the United States with her two children on March 16, 1998. One year later, she left the United States and entered Canada, where she applied for asylum and an employment-based Canadian visa. The Canadian government denied her asylum application and she returned to the United States. On July 14, 1999, having returned to the United States after the denial of her Canadian asylum application, Farmasheva was placed in removal proceedings. She conceded removability and applied for asylum. Farmasheva also requested that the Immigration Judge grant her voluntary departure. She claims that she made this request based on her Canadian attorney's representation that her employment-based Canadian visa would be approved prior to the date she would have to voluntarily depart the United

States.  Pursuant to this strategy, Farmasheva hoped to remain in the United States until her Canadian visa was granted.  The Immigration Judge granted Farmasheva's request and she was ordered to voluntarily depart the United States by July 14, 2000.  Under the terms of that order, if she did not depart by July 14, 2000, she would be removed to Kazakhstan.  That order was issued on December 16, 1999 and Farmasheva did not directly appeal it.

Farmasheva did not voluntarily depart on July 14, 2000.  Instead, on March 2, 2001, Farmasheva filed a motion to reopen her removal proceedings in an attempt to resurrect her asylum application.  On September 7, 2001, the Immigration Judge denied this motion as untimely and Farmasheva appealed to the BIA.  On October 31, 2002, the BIA affirmed the Immigration Judge's denial of Farmasheva's motion to reopen.  In that opinion, the BIA did not address a motion to remand that Farmasheva had filed in September 2002 while her appeal to the BIA was pending.  Within that motion, Farmasheva had requested that the BIA remand her case to the Immigration Judge so that she could apply for adjustment of status based on an I-140 visa petition.

Farmasheva petitioned us to review the BIA's October 31, 2002 order.  While that petition was pending, the appellee filed an unopposed motion to remand to the BIA so that the BIA could, in the first instance, address Farmasheva's motion to remand.  We granted that motion and, on September 29, 2003, the BIA denied Farmasheva's motion to

remand. She has now petitioned for review of both the September 29, 2003 and the October 31, 2002 orders.

II.

We have jurisdiction over this petition under 8 U.S.C. § 1252(a)(1) and review the BIA's decision to deny a motion to reopen or a motion to remand for an abuse of discretion. *Savoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002); *see also* 8 C.F.R. § 1003.2(c)(4) (treating a motion to reopen during the pendency of an appeal and a motion to remand as identical); *In re L-V-K*, 22 I. & N. Dec. 976 (BIA 1999) (holding that a motion to remand is the equivalent of a motion to reopen).

Farmasheva raises two issues on appeal: whether the BIA and Immigration Judge erred in denying (1) her motion to reopen and (2) her motion to remand. With respect to her motion to reopen, such motions "must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.23(b)(1). The Immigration Judge ordered Farmasheva's voluntary departure or, alternatively, her removal, on December 16, 1999. Farmasheva did not file her motion to reopen this case until March 2, 2001, which was well beyond the 90-day period for filing such motions.

In an attempt to avoid the untimeliness of her motion to reopen, Farmasheva argues that the 90-day period should be disregarded because her motion to reopen alleges exceptional circumstances. Specifically, Farmasheva claims that she was the victim of

4

fraud at the hands of her Canadian representative and, absent that fraud, would not have requested voluntary departure or withdrawn her application for asylum in 1999. We do not dispute Farmasheva's claim that she was victimized by the fraudulent conduct of her representative; however, such fraud has no effect on the untimeliness of her motion to reopen. As the BIA explained, the only arguably relevant exception to the 90-day filing deadline is if an alien can show that the conditions in the country to which they are going to be deported have changed and that evidence of such change was "not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(I). Farmasheva has not presented any such evidence and, therefore, the BIA was correct in holding that her motion to reopen was untimely.

The BIA was also correct in denying Farmasheva's motion to remand. The BIA relied on *In re L-V-K* to conclude that, like her motion to reopen, Farmasheva's motion to remand was untimely because it was filed more than 90 days after the entry of the final administrative order. *See In re L-V-K*, 22 I. & N. Dec. at 976. The BIA's reliance on *In re L-V-K* was not an abuse of discretion and, therefore, we will deny the petition for review as to Farmasheva's motion to remand.

### III.

For the foregoing reasons, we will deny Farmasheva's petition for review.

5