**Qi Hang GUO, Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Attorney General Gonzales, Respondent.**

**Docket No. 03–4164.**

United States Court of Appeals, Second Circuit.

Submitted: July 15, 2005.

Decided: Sept. 7, 2005.

---

**62**

ern District of Tennessee, on the brief), for Respondent.

Before: WESLEY and HALL, Circuit Judges, and TRAGER, District Judge.[1]

PER CURIAM.

This case arises out of petitioner Qi Hang Guo's applications for asylum, withholding of removal, and suspension of deportation under the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 *et seq.*, Pub.L. No. 82–414, 66 Stat. 163 ("INA"), and his subsequent *pro se* motion for relief pursuant to the United Nations Convention Against Torture, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 14 U.N.T.S. 85, 8 C.F.R. § 208.16 (2000) ("CAT"). We uphold the Board of Immigration Appeal's ("BIA") affirmance of the Immigration Judge's ("IJ") oral decision denying petitioner's INA applications in a summary order issued simultaneously with our *per curiam* opinion. We therefore AFFIRM the BIA's January 8, 2003, order as it pertains to petitioner's INA claims rejected by the IJ. However, because the BIA's rationale for denying the motion for relief pursuant to CAT relies on a premise that is erroneous as a matter of law—that petitioner was subject to a deportation order that had become final when he moved for relief under CAT—we VACATE IN PART the BIA's order of January 8, 2003, as it pertains to that motion and REMAND for further proceedings.

**Background**

According to his testimony, petitioner fled China on May 23, 1988, and arrived in the United States on May 25, 1988. After receiving an order to show cause why he should not be deported for illegally enter-

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

James T. Brooks, Assistant United States Attorney, Eastern District of Tennessee, Knoxville, Tennessee (Harry S. Mattice, Jr., United States Attorney, East-

1. The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

ing the country, petitioner conceded deportability and became subject to deportation proceedings. Prior to February 27, 1998, he moved for relief under the INA—seeking asylum, withholding of removal, and suspension of deportation—without raising any CAT claim. On February 27, 1998, the IJ held an evidentiary hearing to evaluate petitioner's claims. At the conclusion of the hearing, the IJ issued an oral decision denying those claims. On March 8, 1998, petitioner filed a timely notice of appeal with the BIA.

Following the notice of appeal, petitioner's case became entangled in a thicket of procedural difficulties during which at times he had counsel and at times he proceeded *pro se*. While petitioner's appeal was pending with the BIA, he attempted to apply *pro se* for CAT relief. Depending on whose view of the case one adopts, petitioner asserted his CAT claim sometime between May 1999 and August 19, 1999. In one document, petitioner styled his "motion" as an "Application for protection from [sic][the] 'Convention Against Torture'" and further indicated that it was a motion to reopen his proceeding. On January 8, 2003, the BIA issued an order affirming the IJ's oral decision and denying petitioner's "motion." The relevant portion of the order noted the "motion" and denied it as untimely, citing 8 C.F.R. § 208.18(b)(2)(i). The regulation mandates that an alien subject to an order of deportation, exclusion, or removal that became final prior to March 22, 1999, may seek to assert a CAT claim only by making a motion to reopen his immigration proceeding by June 21, 1999.

Petitioner argues that his attempt to apply for CAT relief was timely because he was not yet subject to an order of deportation that had become final prior to the time of filing his motion. On appeal, the government concedes that petitioner's attempt to seek CAT relief was timely but argues that the BIA's error was harmless.

**Discussion**

■ The government's concession is well-founded: because petitioner's order of deportation had not become final during the pendency of his appeal to the BIA, the Board erred in denying petitioner's motion to seek CAT protection as untimely. In this case, the BIA implicitly concluded that petitioner's order of deportation had "become final" before he sought relief pursuant to CAT by filing a motion with the BIA. However, that conclusion contradicts the BIA's own published interpretations of when an order of deportation, issued by an IJ, becomes final.

The BIA has held that "an administrative order is final when the B[IA] *renders its decision in a case on appeal* or certification or, where no appeal is taken, when the time allotted for appeal has expired[,] or the right to appeal is waived." *In re L–V–K,* 22 I. & N. Dec. 976, 978 (B.I.A.1999) (citing *In re Lok,* 18 I. & N. Dec. 101, 105 (B.I.A.1981)) (emphasis added); *see* 8 C.F.R. § 3.39 (2000) (recodified at 8 C.F.R. § 1003.39 (2003)). "The order of the immigration judge, then, is not final when a timely appeal is taken to the Board." *Castillo–Rodriguez v. Immigration & Naturalization Serv.,* 929 F.2d 181, 183 (5th Cir.1991). Thus, even were we to employ the latest date on which petitioner pressed his CAT claim—August 19, 1999—that claim was timely presented as petitioner's other claims were still the subject of appeal to the BIA. *See* 8 C.F.R. § 3.39. Petitioner was clearly entitled to apply for CAT consideration. *See* 8 C.F.R. § 208.18(b)(1). Accordingly, the BIA erred as a matter of law in denying petitioner's motion as untimely.

■ Despite the BIA's erroneous application of its own rules, the government

asserts that the error is harmless because petitioner's application and affidavit, taken together with evidence from his hearing before the IJ, fail to establish a *prima facie* claim under CAT. The government's contention that petitioner was required to establish a *prima facie* case for CAT relief overlooks the controlling regulation. "[A]lien[s] [such as petitioner] . . . in exclusion, deportation, or removal proceedings on or after March 22, 1999[,] may *apply* for withholding of removal under [8 C.F.R.] § 208.16(c)" without having to establish a *prima facie* claim for CAT relief. *See* 8 C.F.R. § 208.18(b)(1) (2000) (emphasis added). It is only aliens whose orders of deportation, exclusion, or removal *became final* prior to March 22, 1999, who may not simply *apply* for CAT relief but must, subject to certain limitations not relevant here, *move to reopen* their cases to seek CAT protection. *Id.* § 208.18(b)(2). Pursuant to the regulations, those aliens must establish a *prima facie* case for relief under CAT through "[t]he evidence sought to be offered" as part of the motion to reopen. *Id.* § 208.18(b)(2)(ii). The regulations simply allow aliens in petitioner's position to ask for additional relief under CAT without meeting a *prima facie* case threshold.

This conclusion is reinforced by comparing the language of 8 C.F.R. § 208.18(b)(1) and § 208.18(b)(2) under the principle that *expressio unius est exclusio alterius*—"the expression of one thing is the exclusion of another." BLACK'S LAW DICTIONARY 1635 (7th ed.1999). While the language of § 208.18(b)(2) requires aliens whose immigration proceedings became final before March 22, 1999, to establish a *prima facie* case and seek relief through a motion to reopen, that same language is nowhere to be found in § 208.18(b)(1) applicable to petitioner here. The absence of this stricture demonstrates that petitioner may simply "apply for withholding of removal un-

der § 208.18(c)" or other appropriate relief under CAT without having to establish a *prima facie* case as part of his application. The Immigration and Naturalization Service apparently chose March 22, 1999, as a cut-off date because on that day interim regulations "establishing procedures for raising a claim for protection from torture" became final. Regulations Concerning the Convention Against Torture, Summary, 64 Fed.Reg. 8478, 8478 (Feb. 19, 1999) (codified in part at 8 C.F.R. § 208.18) (interim regulation); *see* Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 13881, 13881 (Mar. 23, 1999) (correction to interim rule). The procedural difference makes sense. Those aliens whose claims have been heard and are final must seek to reopen their cases and do so with some proof that they have a colorable claim while aliens in petitioner's position may instead present their CAT claim as an alternative ground for relief. Thus, the regulations do not require us to review the *sufficiency* of petitioner's proffered reasons for CAT relief—clearly a question of law—as an alternative ground to support the BIA's wrong decision.

Nor should we measure petitioner's proof at the hearing to see if it fell short of that necessary to entitle petitioner to CAT relief as a matter of law, thus providing an alternative ground to sustain the BIA's decision. Petitioner asserted his CAT claim after his hearing. He may well have additional evidence he wishes to present to the IJ in that regard. On the stage of administrative law, each actor has a part to play and may not *ad lib* another's role. Having found that the BIA's only stated ground for denying the motion to apply for CAT relief was premised upon an error of law, the appropriate course is to vacate

and remand for further proceedings. *See Twum v. Immigration & Naturalization Serv.,* 411 F.3d 54, 61–62 (2d Cir.2005).[2]

### Conclusion

The Petition for Review is GRANTED IN PART insofar as it relates to petitioner's CAT claim but DISMISSED ON ALL OTHER GROUNDS for the reasons stated above and in the summary order issued simultaneously with this opinion. The BIA's order of January 8, 2003, affirming the IJ's order of deportation and denying petitioner's motion to apply for CAT protection is hereby AFFIRMED IN PART and VACATED IN PART. Accordingly, the case is REMANDED for proceedings consistent with this opinion.

2. We intimate no view of the merits or of petitioner's ability to establish a claim for relief under CAT.