**Hi Fang YOU, and minor children Zhen Zheng and Ri Guan Zheng, Petitioners,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General**

**24**

Gonzales,* Respondent.

No. 03–4295–AG.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Appellants.

Kathleen M. Salyer, Assistant United States Attorney, Miami, FL, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

**SUMMARY ORDER**

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **GRANTED IN PART** and the case is **REMANDED** to the BIA for proceedings consistent with this order.

Petitioners Hi Fang You ("You") and her two minor children petition for review of an order of the BIA (1) affirming the decision of an Immigration Judge ("IJ") ordering their removal to China and denying their applications for asylum and withholding of removal; and (2) declining to consider their request to apply for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

The regulations governing implementation of the CAT provide that "an alien who is in exclusion, deportation or removal proceedings on or after March 22, 1999, may apply for withholding of removal under [the CAT]." 8 C.F.R. § 208.18(b)(1). In *Guo v. DOJ*, 422 F.3d 61 (2d Cir.2005), this Court held that an alien whose removal proceedings were pending on March 22, 1999—when Article III of CAT was implemented—need not make out a prima facie case for CAT relief in order to get a new hearing on the CAT claim.

In the present case, You was in removal proceedings on and after March 22, 1999, as her appeal was pending before the BIA at that time. In her appellate brief to the BIA, she requested that the case be remanded for a new hearing on the CAT claim, but the BIA failed to address this request in its order affirming the decision of the IJ. *See* Joint Appendix at 5. You

the United States. *See* Fed. R.App. P. 43(c)(2).

needed only to make an application for CAT relief rather than make out a prima facie case, and You's request qualified as such an application under the regulations. The BIA erred in declining to address You's application.

With respect to the asylum and withholding of deportation claims, the IJ properly denied relief based on an adverse credibility finding that is supported by substantial evidence. You failed to mention the arrest of her daughter in her written application for asylum, and, although You argues that the omission was not central to her asylum claim, the IJ did not err in relying on it as evidence bearing on credibility. In addition, the IJ was correct that You failed to mention her husband's sterilization in her first statement upon arrival, and the IJ was entitled to consider the two interviews in determining credibility. *See Ramsameachire*, 357 F.3d at 175. The IJ also relied on substantial evidence when deeming You's husband's testimony unhelpful to You's claim. His asylum applications contradicted her story in many ways. Most notably, he claimed that she had undergone forced abortions, which she never mentioned, and he failed to mention his own allegedly forced sterilization in two out of three applications. In sum, the IJ provided specific, cogent reasons for finding You to be incredible, and those reasons bore a legitimate nexus to her asylum and withholding of removal claims.

For these reasons, the petition for review is GRANTED with respect to the CAT claim, denied with respect to the asylum and withholding of removal claims, and the case is REMANDED to the BIA for proceedings consistent with this order.