**Sorin PUSCA, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

Nos. 02–4443–ag(L); 03–40053–ag(con).

United States Court of Appeals,
Second Circuit.

Dec. 5, 2006.

Michael P. DiRaimondo, Melville, New York, for Petitioner.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Kenneth L. Wainstein, United States Attorney, District of Columbia, Madelyn E. Johnson, Tricia D. Francis, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Sorin Pusca, a native and citizen of Romania, seeks review of a May 22, 2003 order of the BIA denying his motion to reopen the BIA's August 8, 2002 affirmance of the decision of immigration judge ("IJ") Adam Opaciuch denying Pusca's applications for asylum and withholding of deportation. *In re Sorin Pusca,* No. A70 702 176 (BIA May 22, 2003). Pusca also seeks review of the BIA's August 8, 2002 decision affirming the IJ's denial of asylum and withholding of deportation. *In re Sorin Pusca,* No. A70 702 176 (BIA Aug. 8, 2002), *aff'g* A70 702 176 (Immig. Ct. New York City June 5, 1998). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### BIA's Denial of Motion to Reopen

■ Pusca argues that the BIA abused its discretion by failing to consider adequately the expert affidavit and documentary evidence submitted with his motion to reopen, and by placing inappropriate weight on outdated country reports from 2001. He also argues that this failure to consider all the record evidence constituted a denial of due process. However, the BIA's opinion specifically discussed and analyzed Pusca's submitted reports and doctor's affidavit. As the opinion correct-

ly observed, the only harm cited by the reports was general corruption, police abuse, and a weak judiciary; they do not indicate that former dissidents would be persecuted by the current government of Romania. The background country materials submitted by Pusca consisted of 2001 country reports; we therefore reject Pusca's contention that the BIA should have relied on other, more current reports. If more current country reports adduced concrete evidence of recent changed country conditions, Pusca would have been able to submit a second motion to reopen not barred by time and numerical limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Moreover, Pusca could have submitted the supplemental briefing and the newly published country condition reports to the BIA while his original motion to reopen was pending. *See* BIA Prac. Man. Ch. 4.6(g)(ii). Because the BIA appropriately considered, analyzed, and relied on the documents submitted by Pusca in support of his motion, it afforded Pusca due process and did not abuse its discretion in denying the motion to reopen.

### BIA's Affirmance of IJ's Denial of Asylum and Withholding of Deportation

■ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."[2] 8 U.S.C.

**2.** Prior to the REAL ID Act of 2005, this case would have been governed entirely by the IIRIRA's transitional rules because Pusca was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales,* 411 F.3d 361,

§ 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ found that Pusca had presented consistent and credible testimony, but that the events to which he testified did not rise to the level of past persecution on account of a protected ground, and that, in any event (even assuming Pusca had suffered past persecution), country conditions in Romania had changed to such an extent as to rebut any presumption of a well-founded fear of future persecution. The IJ concluded that because Pusca failed to satisfy the lower burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding of deportation.

Although Pusca's brief to the BIA challenged only the IJ's denial of asylum, the BIA *sua sponte* affirmed the IJ's determination that Pusca failed to meet his burdens for asylum and withholding of deportation. Therefore, both claims are properly exhausted and may be reviewed by this Court. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1993). Pusca argues to us that the IJ failed to consider all of his submitted evidence when evaluating whether he had a well-founded fear of future persecution— in particular—the grant of asylum to his parents.

Relying heavily on the State Department Profile of Asylum Claims and Country Conditions for Romania for 1997, the IJ determined that changed country conditions in Romania would rebut any presumption of a well-founded fear of future persecution. In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), the Court cautioned against overreliance on State Department country condition reports; but these reports are probative. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir. 2006). Additionally, we presume that "an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *See Xiao Ji Chen,* 434 F.3d at 159–60 n. 13. Because the State Department Report explicitly states that "[p]olitical conditions have so improved over the past seven years as to remove ... any presumption that past mistreatment under Ceausescu (or even the chaotic immediate post-revolution year) will lead to future mistreatment," and because nothing in the record compellingly suggests that the IJ failed to adequately consider Pusca's additional submissions in analyzing his well-founded fear claim, the IJ's determination that Pusca

363 n. 3 (2d Cir.2005). However, section 106(d) of the REAL ID Act, 119 Stat. 311, requires that this Court treat the case as if it had been filed under the IIRIRA's permanent rules (as amended by the REAL ID Act). *See Jun Min Zhang v. Gonzales,* 457 F.3d 172, 175 (2d Cir.2006); *Paripovic v. Gonzales,* 418 F.3d 240, 243 (3rd Cir.2005); *Elia v. Gonzales,* 431 F.3d 268, 272–73 (6th Cir.2005); *Sotelo v.*

*Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). In any event, the standard of review of factual findings is the same under both the permanent and transitional rules. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir. 2004) (noting that the permanent rules simply codified the standard that was already applicable in transitional rules cases).

did not have a well-founded fear of future persecution on account of his anti-Communist activities is substantially supported by the record as a whole. Because Pusca was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). The IJ's denial of asylum and withholding was thus appropriate.

### BIA's Denial of CAT Relief

■ Pusca's brief to this Court argues that remand is necessary so that he may present a CAT claim to the IJ for full consideration. Pusca never asserted a CAT claim before the IJ, because CAT relief did not exist at the time of his removal hearing. He also did not mention CAT in his appeal brief to the BIA, and did not attempt to raise the issue before the BIA issued its decision. The BIA, however, raised CAT *sua sponte* and determined that because Pusca failed to establish his eligibility for asylum and withholding of deportation, he also was unable to establish that he would likely be tortured upon return to Romania, and thus his CAT claim—which the BIA itself raised—was denied on the merits. Because the BIA raised a CAT claim *sua sponte* on Pusca's behalf, his failure to raise the claim is excused, and this Court has jurisdiction to review the merits. *See Xian Tuan Ye*, 446 F.3d at 296–97.

Pusca's appeal was pending as of March 22, 1999, and therefore Pusca was free to apply for CAT relief at any point during his proceedings before the BIA. *See* 8 C.F.R. § 208.18(b)(1); *Qi Hang Guo v. U.S. Dep't of Justice*, 422 F.3d 61, 63 (2d Cir.2005) (per curiam). A petitioner with an appeal pending on March 22, 1999 may apply for CAT relief without making the preliminary showing of prima facie evidence that 8 C.F.R. § 208.18(b)(2)(ii) requires of a motion to reopen based on CAT from a petitioner whose deportation order became final before that date. *Id.* at 64. If the BIA erroneously denies as untimely a post-hearing application for CAT relief under 8 C.F.R. § 208.18(b)(1), this Court will not affirm the BIA's decision based upon the existing record, because the petitioner "may well have additional evidence he wishes to present to the IJ in that regard." *Id.*

In light of *Guo*, the BIA's dismissal of the CAT claim without a hearing before an IJ was error even though Pusca did not raise the issue of CAT himself. The BIA had no obligation to raise the issue of CAT *sua sponte, see Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 161 (2d Cir.2006), but having done so, the BIA had only two options: (1) affirm the deportation order without remand because Pusca had failed to apply for CAT relief under 8 C.F.R. § 208.18(b)(1); or (2) construe Pusca's appeal to raise a CAT claim and remand to an IJ. It was impermissible to deny a CAT claim on the merits based upon the existing record without remanding to an IJ to hear evidence. The government concedes that the BIA's *sua sponte* decision as to the CAT claim "may have been in error," **[Red 28 n. 15]**, but asks this Court to affirm based upon evidence in the existing record. But we decline to look to the record of Pusca's hearing to affirm the BIA's decision. *See Qi Hang Guo*, 422 F.3d at 64–65 (declining to "measure petitioner's proof at the hearing to see if it fell short of that necessary to entitle petitioner to CAT relief as a matter of law."). Because we decide that a remand is necessary for consideration of Pusca's CAT claim, we do not reach the BIA's decision not to reopen for consideration of the CAT claim.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in PART, the BIA's decision is VACATED in part, and the case is RE-MANDED in part to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).