TAN HUI YU, Petitioner,

v.

Peter D. KIESLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 03–40755–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Steven W. Myhre, Acting United States Attorney, District of Nevada; Robert L. Ellman, Appellate Chief; Brian J. Quarles, Assistant United States Attorney, Las Vegas, NV, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Tan Hui Yu, a native and citizen of China, seeks review of the September 24, 2003 order of the BIA denying his motion to reopen. *In re Tan Hui Yu,* No. A71 603 590 (B.I.A. Sept. 24, 2003).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Kiesler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an excess of allowable discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). "An abuse of discretion may be found in these circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

Here, there is no dispute that Yu's June 2003 motion was untimely where the BIA issued its final order in April 2002. The BIA also properly found that Yu failed to demonstrate changed country conditions or a *prima facie* case that it is more likely than not that he would tortured if he returned to China. Indeed, in his petition for review, Yu concedes that the evidence in the record does not establish a likelihood that he will be tortured upon return to China. In any event, he failed to submit any previously unavailable evidence.

Relying on *Qi Hang Guo v. U.S. Dep't of Justice,* 422 F.3d 61, 63 (2d Cir.2005) (per curiam), Yu argues that the BIA erred in denying his motion because there is no application deadline and no need to establish a *prima facie* case for CAT relief for someone, such as himself, in proceedings on or after March 22, 1999. In *Qi Hang Guo,* we recognized that 8 C.F.R. § 208.18(b)(2) "simply allow[s] aliens [who have an appeal pending before the BIA on or after March 22, 1999] to ask for additional relief under CAT without meeting a *prima facie* case threshold." 422 F.3d at 64. As Yu's proceedings before the BIA were no longer pending when he filed his motion to reopen, his argument is misplaced.

Yu also appears to argue that the BIA exceeded its allowable discretion by treating him differently than aliens in removal proceedings and arbitrarily denying his motion on the basis of his status as a stowaway in asylum-only proceedings. As the BIA made no such distinction, Yu's argument is without merit.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.