FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELENA ARMENDARIZ GONZALEZ,

Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

Respondent.

No. 07-9585
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Elena Armendariz-Gonzalez is a Mexican native and citizen who entered

the United States in 1989 without inspection. In 2002, immigration officials

charged her with being present in this country without having been admitted or

paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). She conceded the charge but sought

cancellation of removal under 8 U.S.C. § 1229b(b)(1). That provision permits the

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Attorney General to cancel removal proceedings against an alien who has been continuously present in the United States not less than ten years, is of good moral character, has not been convicted of certain enumerated offenses, and demonstrates that removal would result in exceptional and extremely unusual hardship to a spouse, parent, or child, who is a citizen or lawfully admitted permanent resident. *See* 8 U.S.C. § 1229b(b)(1).

After a hearing, an Immigration Judge (IJ) agreed that Ms. Armendariz-Gonzalez met the first three elements of § 1229b(b)(1), but found that she failed to meet the standard for exceptional and extremely unusual hardship because her three American children would suffer the same level of hardship as anyone else whose parent was removed to Mexico. The IJ therefore ordered that she be removed or voluntarily depart. Ms. Armendariz-Gonzalez appealed, but while her appeal was pending before the Board of Immigration Appeals (BIA), she moved to remand her case to the IJ in light of new evidence that her children had been physically and sexually abused. She claimed this new evidence would have changed the outcome of the case. The BIA denied the motion for remand and affirmed the IJ's removal order. Ms. Armendariz-Gonzalez subsequently petitioned this court for review, arguing that the IJ denied her due process and the BIA improperly denied her motion for remand. The government, in turn, moved to dismiss the petition for lack of jurisdiction. We grant the government's motion and dismiss the petition for review.

Notwithstanding our jurisdiction to review constitutional claims and questions of law raised upon a petition for review, 8 U.S.C. § 1252(a)(2)(D), this court lacks jurisdiction to review discretionary aspects of cancellation of removal, *see id.* § 1252(a)(2)(B)(i); *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 981-82 (10th Cir. 2005), including whether a petitioner demonstrates exceptional and extremely unusual hardship, *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). Ms. Armendariz-Gonzalez contends she is not challenging any discretionary decision, but rather the IJ's denial of due process. She claims the IJ denied relief based on his political ideology and prosecutorial demeanor, not the governing legal standard as set forth in *In re Recinas*, 23 I. & N. Dec. 467 (BIA 2002). She asserts this constitutional claim confers upon us jurisdiction to review her application for cancellation of removal. We are not persuaded.

Where, as here, "a single BIA member issues a brief order, affirming . . . the IJ's order under [8 C.F.R. § 1003](e)(5)," we "will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007) (quotations omitted). The BIA concluded that Ms. Armendariz-Gonzalez failed to meet the standard for exceptional and extremely unusual hardship. In so concluding, the BIA explicitly found that under *Recinas* and other relevant authority, Ms. Armendariz-Gonzalez did not show the requisite level of hardship. Because the "BIA decision contains a discernible substantive discussion that stands on its

own and does not explicitly incorporate or reference the IJ's reasoning, our review extends no further." *Id.* (quotations and alterations omitted).

Nonetheless, Ms. Armendariz-Gonzalez may not circumvent the jurisdictional bar of § 1252(a)(2)(B)(i) by recasting her claim in constitutional terms so as to fall within the parameters of § 1252(a)(2)(D). *See Perales-Cumpean*, 429 F.3d at 982 (rejecting "petitioner's attempt to recast the BIA's decision . . . as a pure question of law" because it "involve[d] the exercise of agency discretion"); *see also Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to . . . discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under § 125[2](a)(2)(D)."). Although she styles her claim a due process violation, her contention is that the IJ failed to follow *Recinas*. This argument essentially asks us to reevaluate the agency's hardship determination in hopes of achieving a more favorable outcome. Indeed, she plainly asserts that because circumstances in this case are similar to those in *Recinas*, where relief was granted, relief ought to have been granted to her as well. But this is precisely the sort of discretionary decision Congress chose to divest courts of jurisdiction to review. We may not exceed the bounds of our jurisdiction simply to reweigh the evidence.

Moreover, to the extent Ms. Armendariz-Gonzalez suggests that her claim involves a question of law, we reject her argument. The provision for questions

of law contained in § 1252(a)(2)(D) "grants us jurisdiction to review a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (quotation omitted). Although Ms. Armendariz-Gonzalez contends the agency misapplied or misinterpreted the statutory hardship standard, she does not ask us to interpret any statute. Instead, she asks us to reconsider the facts of her case under *Recinas*. But again, such "challenges directed solely at the agency's discretionary and factual determinations" are "outside the scope of judicial review." *Id.* at 1281. Therefore, absent a constitutional claim or question of law, we are without jurisdiction to consider the claim.

Nor do we have jurisdiction to review the denial of the motion for remand. A motion for remand is substantively treated the same as a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(4); *In re L-V-K*, 22 I. & N. Dec. 976, 978 (BIA 1999). Although we normally review the denial of a motion to reopen for an abuse of discretion, our jurisdiction to do so extends only as far as our jurisdiction over the underlying removal order. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004). Here, although the BIA did not so explicitly state, it clearly denied the motion for remand on the same grounds it denied the underlying application for cancellation of removal – because even with the additional evidence, Ms. Armendariz-Gonzalez still failed to satisfy the hardship standard. *See Mickeviciute, v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (recognizing that

the BIA may deny a motion to reopen on the same grounds that it denies "the underlying substantive relief sought" (quotation omitted)).  As we have explained, the BIA's finding that Ms. Armendariz-Gonzalez failed to establish the requisite level of hardship was a discretionary decision beyond our review.  And since the denial of the motion to remand related solely to that discretionary merits determination, it follows that we have no jurisdiction to review the denial of the motion for remand.

Accordingly, the government's motion to dismiss is GRANTED.  The petition for review is DISMISSED for lack of jurisdiction.

Entered for the Court

Deanell Reece Tacha
Circuit Judge