# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 1, 2013

Lyle W. Cayce
Clerk

No. 12-60843
Summary Calendar

KONG FANG NI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 573 420

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kong Fang Ni, a native and citizen of the People's Republic of China, was ordered removed from the United States in July 2010 because she entered the United States without valid entry documents.  In January 2011, Ni filed a second motion to reopen the removal proceedings, wherein she sought leave to reinstate her previously withdrawn application for asylum, withholding of removal, and relief under the Convention Against Torture.  The immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60843

judge (IJ) denied her motion on the grounds that it was barred by time and number limitations and by regulation. Ni appealed to the Board of Immigration Appeals (BIA), but she did not challenge the IJ's denial of her second motion to reopen; she instead argued for the first time that the proceedings should be remanded based on ineffective assistance by her prior counsel. The BIA dismissed Ni's appeal, finding that it lacked jurisdiction to consider her motion to remand as it was untimely. Ni now seeks review of that decision.

This court reviews legal issues de novo, but gives significant deference to the BIA's interpretation of its own regulations. *Ovalles v. Holder*, 577 F.3d 288, 296 (5th Cir. 2009). This court will uphold the BIA's interpretation of its own regulations "unless it is plainly erroneous or inconsistent with regulation." *Wang v. Ashcroft*, 260 F.3d 448, 451 (5th Cir. 2001).

When Ni asked the BIA to remand the removal proceedings, she was subject to a final order of removal. Her motion to remand, which was in substance a motion to reopen, was not timely filed. As such, the BIA correctly determined that it lacked jurisdiction to entertain the motion. *See In re L-V-K*, 22 I. & N. Dec. 976, 979-80 (BIA 1999); *Wang*, 260 F.3d at 451-52; *see also In re Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992).

Nevertheless, Ni argues that the BIA could have reopened the proceedings by exercising its sua sponte authority to reopen set forth in 8 C.F.R. § 1003.2(a) and by equitably tolling the time and number limitations. The BIA's sua sponte authority to reopen is not unlimited. *See Ovalles*, 577 F.3d at 296. Section 1003.2(a) gives the BIA authority to reopen proceedings

No. 12-60843

sua sponte in cases "in which it has rendered a decision."  Here, Ni had never appeared before the BIA before the instant proceeding.  Thus, the BIA had no sua sponte authority to reopen the proceedings.

Ni's petition for review is DENIED.