# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2011

No. 10-60915
Summary Calendar

Lyle W. Cayce
Clerk

MEI HE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 095 360

Before REAVLEY, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mei He, a citizen of China, petitions this court for review of the Board of Immigration Appeals (BIA) dismissal of her appeal of an Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Mei He, a Christian, argues that the evidence compels the conclusion that she is entitled to asylum based upon a well-founded fear of future persecution by the Chinese government on account of her religion. Mei He does not challenge the BIA's denial of withholding of removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or the denial of her application for protection under the CAT. She has therefore abandoned any challenge to these determinations. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The BIA's decision was based in part on the IJ's findings and the BIA did not expressly adopt the IJ's decision. Accordingly, to the extent the IJ's ruling affected the BIA's decision, this court will review both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). The Attorney General's statutory power to grant asylum to one who qualifies as a refugee under 8 U.S.C. § 1101(a)(42)(A) is discretionary. 8 U.S.C. § 1158(b); *Zhao v. Gonzales,* 404 F.3d 295, 306 (5th Cir. 2005). A refugee is a "person who is outside any country of such person's nationality," who cannot or is unwilling to return to "that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42)(A). Whether an alien has demonstrated eligibility for asylum is a factual determination that is reviewed for substantial evidence. *See Zhao,* 404 F.3d at 306. Under this standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted) (emphasis in original).

Mei He's argument that the BIA erred by analyzing whether she had established past persecution lacks merit, as Mei He asserted in testimony that she left China because she was persecuted on account of her religion. The record establishes, inter alia, that Mei He was not harmed while she was in China. She escaped arrest when she fled the police invasion of the "family church" where she practiced her faith and any threat of future arrest was indirect. Also, although she lived in a small village where police were looking for members of her family church, the local police did not find her and did not search for her by name. She was able to leave China using her own passport without incident. The record therefore does not compel a finding that Mei He is eligible for asylum based upon

past persecution.  *See Zhao,* 404 F.3d at 306; *Eduard v. Ashcroft,* 379 F.3d 182, 187 n.4 (5th Cir. 2004).

As Mei He failed to demonstrate past persecution, she cannot rely upon a presumption of future persecution.  *See* 8 C.F.R. § 208.13(b)(1).  Although Mei He argues at length that the BIA misunderstood her testimony regarding the differences between the family church and the government-monitored church, Mei He testified that from the religious aspect the unregistered churches and the registered churches are the same, the members of the two churches use the same Bible, sing the same songs, and say the same prayers.  Moreover, Mei He testified that her parents practice Christianity in the government-monitored church and occasionally attend a family church, without incident.  The record therefore does not compel a conclusion that is contrary to the BIA's finding that it is possible that Mei He could avoid the risk of future persecution altogether by attending the officially recognized Christian church.  *See Zhao,* 404 F.3d at 306.  Moreover, Mei He failed to provide facts establishing that she has a good reason to fear that she will be singled out for persecution.  *See Faddoul v. INS,* 37 F.3d 185, 188 (5th Cir. 1994).  The record therefore does not compel a finding that Mei He is eligible for asylum based upon a well-founded fear of future persecution.  *See Zhao,* 404 F.3d at 306.

Mei He further contends that the BIA erred by determining that relocation was possible without inquiring whether relocation would be reasonable. Although Mei He argued in her appeal to the BIA that current conditions in China made relocation unreasonable, she did not argue, as she does here, that relocation was unreasonable due to China's household registration system.  To the extent that Mei He is raising a new issue before this court that she did not present to the BIA, this court lacks jurisdiction to consider the issue.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder,* 562 F.3d 314, 322 (5th Cir. 2009).

The BIA expressly analyzed the 2008 U.S. Department of State International Religious Freedom Report and found that the report provided

3

evidence of widely varying official treatment of house churches throughout China. The BIA thus concluded that Mei He could avoid persecution by relocating within China, and it was reasonable to expect her to do so. Thus, Mei He's argument that the BIA erred by failing to consider whether relocation was a reasonable option is belied by the express findings set forth within the BIA's opinion, as the BIA expressly analyzed whether relocation was a reasonable option in light of evidence in the record.

Rather than specifically addressing the provisions of the 2008 report or other evidence that is in the administrative record, Mei He contends that relocation is unreasonable and relies upon "recent U.S. government reports" that are not in the administrative record. This court may not consider new evidence that is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). Mei He's challenge to the BIA's relocation determination is thus based upon broad generalizations that fail to address the evidence in the record and she relies upon evidence that is not in the administrative record. As such, her argument fails to establish that the record compels a finding that is contrary to the BIA's determination. *See Chen*, 470 F.3d at 1134.

Finally, Mei He argues that the BIA erred by failing to address the IJ's credibility finding. However, the BIA expressly determined that it was unnecessary to address credibility as, even if credible, Mei He failed to sustain the burden of proof applicable to asylum. As discussed above, the record does not compel a conclusion that is contrary to the BIA's denial of relief. Accordingly, Mei He's petition for review is DENIED.