# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2013

Lyle W. Cayce
Clerk

No. 12-60349
Summary Calendar

STANLEY ODINAKACHUKWU NWOSUOCHA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 824 072

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stanley Odinakachukwu Nwosuocha, a native and citizen of Nigeria, petitions for review of the decisions of the Board of Immigration Appeals ("BIA") denying him relief from an order of removal, denying remand in light of an unadjudicated visa petition filed on his behalf by his current wife, and denying his post-appeal motion to reopen. Nwosuocha does not challenge the determination that he is removable, but he does argue that his due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights were violated because he was unable to adjust his status based upon his current marriage to a United States citizen.

In rejecting Nwosuocha's motion to reopen and remand based on the visa petition of his current wife, to whom he was married during his removal proceedings, the BIA observed that the Department of Homeland Security ("DHS") opposed the motion. The DHS pointed to record evidence that Nwosuocha had previously contracted a fraudulent marriage with a United States citizen in order to obtain an adjustment of his immigration status. The BIA also observed that Nwosuocha had failed to address the record evidence on this point. Ultimately, the BIA concluded that Nwosuocha would be unable to demonstrate *prima facie* eligibility for adjustment of status on remand.

A remand motion "filed during the pendency of an appeal" is substantively "a motion to reopen." *In re L-V-K*, 22 I. & N. Dec. 976, 978-79 (BIA 1999). Motions to reopen "are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (quotation marks omitted). We employ a "highly deferential abuse-of-discretion standard" when reviewing the denial of a motion to reopen. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005); *see Diaz-Resendez v. INS*, 960 F.2d 493, 495 (5th Cir. 1992).

To be eligible for adjustment of status, an alien must, among other requirements, have "an immigrant visa . . . immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Nwosuocha does not argue that his current wife's visa petition has been approved; indeed, he acknowledges that the DHS has issued notice of its intent to deny that petition. Nor does Nwosuocha show that a visa would be immediately available if he applied for adjustment of status on remand. Nwosuocha thus fails to show that the BIA's rejection of his request for remand pending the adjudication of his current wife's visa petition was legal error. *See Diaz-Resendez*, 960 F.2d at 495. He also fails

to show the rejection was "so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao,* 404 F.3d at 304.

Additionally, given Nwosuocha's concession that nothing his prior counsel did was necessarily wrong, there is no merit to the claim that prior counsel caused Nwosuocha to be deprived of due process. *See Patel v. INS*, 803 F.2d 804, 805-06 (5th Cir. 1986). Although Nwosuocha claims that his pre-BIA proceedings were fundamentally unfair because of procedural deprivations, he did not brief such a claim to the BIA before his appeal was dismissed. We therefore lack jurisdiction to consider such a claim, unless it was later properly urged in a motion to reopen. *Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 334-36 (5th Cir. 2008). Nwosuocha's post-appeal motion to reopen to urge a claim of fundamental unfairness caused by procedural defects was properly rejected by the BIA because the motion addressed matters that occurred before the case went to the BIA, i.e., matters that could have been – but were not – raised before the BIA earlier. 8 C.F.R. § 1003.2(c)(1); *see also Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005). Additionally, we are without jurisdiction to review the BIA's decision not to reopen the proceedings *sua sponte. See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008); 8 C.F.R. § 1003.2(a).

Nwosuocha moves to supplement the record with a copy, which may be incomplete, of DHS's notice of intent to deny his current wife's visa application. We may not consider documents that were not part of the administrative record, and the motion is denied. 8 U.S.C. § 1252(b)(4)(A); *see also Mei He v. Holder*, 442 F. App'x 172, 175 (5th Cir. 2011).

PETITIONS DENIED IN PART AND DISMISSED IN PART; MOTION TO SUPPLEMENT DENIED.