**CHEN CHEN ZHANG, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 13–60550**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 18, 2014.

Chen Chen Zhang, New York, NY, pro se.

Janice Kay Redfern, Esq., Tangerlia Cox, Thankful Townsend Vanderstar, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Chen Chen Zhang, a native and citizen of China, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his application for asylum, withholding of removal and relief under the Convention Against Torture (CAT). Zhang sought relief based on his participation in underground Christian church activities, for which he was arrested and beaten, and his fear that he would be persecuted if he returned to China. The immigration judge (IJ) determined that Zhang was not credible and had failed to establish that he was entitled to relief and ordered Zhang removed to China. The BIA agreed and affirmed the IJ's decision, dismissing the appeal.

We review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard. *See Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir.2006). Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder,* 569 F.3d at 531, 537 (5th Cir.2009).

Zhang argues that the IJ and BIA erred in making an adverse credibility determination because the discrepancies relied upon were minor and did not go to the heart of his claim for relief. However, in making a credibility determination, the trier of fact considers the totality of the circumstances "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). Even if there could be reasonable explanations for some of the omissions and discrepancies, it is not plain, based on the totality of the circumstances, that no reasonable factfinder could make an adverse credibility ruling. *See Wang,* 569 F.3d at 538.

As for Zhang's argument that the IJ and BIA erred in concluding that he was not entitled to asylum because his detention and the sole incident of mistreatment during his detention did not rise to the level of persecution, he has failed to show that the evidence compels a contrary conclusion. *See Zhao v. Gonzales,* 404 F.3d 295, 306

---

(5th Cir.2005). Zhang also has failed to demonstrate a well-founded fear of future persecution if he is returned to China. *See id.* at 307. There is no evidence that Zhang would be singled out for persecution or that there is a pattern or practice of persecuting Christians in China. *Id.; see* 8 C.F.R. § 208.16(b)(1)(i); 8 C.F.R. § 208.13(2)(b)(iii). Moreover, members of Zhang's family continue to live in China and practice their Christianity at an underground church without suffering any harm. *See, e.g., Mei He v. Holder,* 442 Fed.Appx. 172, 174 (5th Cir.2011) (noting, inter alia, that alien's parents practiced Christianity in a government-monitored church as well as a family, or underground, church in determining that alien had failed to demonstrate fear of future persecution).

Because the burden of establishing eligibility for withholding of removal is greater than that required for asylum, Zhang's failure to establish eligibility for asylum is dispositive of his claim for withholding of removal. *Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir.2006). Zhang also has failed to show that the evidence compels a conclusion "that it is more likely than not that he would be tortured if returned to his home country." *Zhang v. Gonzales,* 432 F.3d 339, 344–45 (5th Cir.2005); *see also* 8 C.F.R. § 208.16(c)(2).

Accordingly, Zhang's petition for review is DENIED. The Government's motion to strike the petitioner's brief for noncompliance with Federal Rule of Appellate Procedure 28 is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.